## Case No. 6,954.
### In re HUTCHINSON.
[2 Hughes, 245.] [1]
District Court, E. D. Virginia. April 17, 1877.

BANKRUPTCY—PARTNERSHIP IN LAND—JOINT BOND—INTEREST.

Where two obligors have made a joint bond bearing six per cent. interest and given a lien to secure it, prior in dignity to other incumbrances upon the property conveyed as security, and one of the obligors by indorsement in writing agrees after the bond becomes due to double the rate of interest, and pay it semi-annually instead of annually as inducement for forbearance in closing the deed, held, that this agreement did not invalidate the bond or the lien, nor affect the contract of the other obligor, but that all payments made upon the bond must, as to junior lienors and as to the other obligor, be credited at the rate only of six per cent. per annum, payable annually, and not at the rate of twelve per cent. per annum, payable semi-annually.

On the 10th day of October, 1867, W. F. Hutchinson and R. L. Hutchinson purchased of John B. Bell, a tract of land in Orange county, Virginia, containing 408 acres, and gave their bonds for the deferred payments of purchase-money to the amount in total of $4600, of which one of the bonds, for $866.66⅔, became due on the 1st day of January, 1870, and was not paid. The interest was to be paid annually. The trust was to secure the payment of the bonds and interest due upon them as they should fall due. Interest was paid on this bond up to January

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

1st, 1869. This bond had priority under this provision of the deed, over all others secured by the deed at the hearing of the cause. A few months after it fell due, the obligee, John B. Bell, assigned it to John R. Graves, by a written indorsement upon the bond, dated May 24th, 1870. On the same day that Graves received this assignment, W. F. Hutchinson, one of the obligors made an indorsement upon the bond in these words: "The within bond bearing six per cent. interest shall bear twelve, and the deed of trust may be executed if the said interest is not paid semi-annually. W. F. Hutchinson, Orange C. H., Va., May 24th, 1870." There were payments subsequently made upon the bond to the amount of about $500. The Hutchinsons went into bankruptcy in 1874. After proper proceedings the land covered by the trust deed was sold by the trustee and assignee under an order of this court in bankruptcy. The proceeds are now to be distributed. The holders of bonds secured by the deed prior in date of maturity and priority to the one mentioned, claim that the new contract between the holder, Graves, and one of the obligors, operated as a release of the lien of the deed of trust in favor of the holder of that bond; and, at all events, that the payment of interest should be collected at the rate of six per cent. interest, and not at the rate of twelve per cent.

W. R. Talliaferro and W. W. Burgess, for senior lienor.

James C. Neale, for junior lienors.

HUGHES, District Judge. This was a joint bond. The indorsement made by one of the Hutchinsons agreeing to pay twelve per cent., and to pay interest semi-annually, did not bind R. L. Hutchinson, and did not invalidate the bond as a lien upon the land. It did not at all affect the bond as to R. L. Hutchinson, or as to subsequent lienors. Therefore the bond must be paid off by the assignee as the first lien binding the property; and the payments which have been made must be credited at the rate of six per cent. per annum, payable annually, and not at the rate of twelve per cent., payable semi-annually. The agreement between W. F. Hutchinson and the holder of the bond is good to bind Hutchinson individually, but not to bind his brother, and not to affect the rights of junior lienors.